**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAUNG LATYAR,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-73532<br><br>Agency No. A089-990-709<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Maung Latyar, a native and citizen of Burma, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determinations that Latyar failed to establish an objectively reasonable future fear where he failed to establish a particularized threat of harm. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (future fear too speculative). We reject Latyar's contentions that the agency failed to consider record evidence or failed to explain its reasons sufficiently. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010). Thus, Latyar's asylum claim fails.

Because Latyar failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because Latyar failed to show it is more likely than not that he would be tortured by the Burmese government, or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**